

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

*Reinstated by 0-64*
*overruled in partly 0-3091*

GERALD C. MANN
ATTORNEY GENERAL

Hon. John R. Shook
Criminal District Attorney
San Antonio, Texas

Dear Sir:        Attention of Mr. Jay Sam Levey

Opinion No. 0-1829
Re: Is the regular judge's salary to
be reduced by the amount that is
paid to the special judge? And
related questions.

We are in receipt of your request for an opinion of this department on the questions as are herein stated.

Your letter reads in part as follows:

"We are writing you at the request of John K. Weber of this City and the Commissioners' Court of Bexar County for a clarification of the above opinions which you rendered on May 27, 1939, to Honorable Fred T. Porter, County Attorney of Kaufman County, and on August 12, 1939 to Honorable Dwight Whitwell, Assistant County Attorney of Collin County, Texas, respectively. We believe the answers to the questions we are about to ask are self-evident from your former opinions, but are, nevertheless, complying with the request made us.

"You have ruled, and correctly so, we feel sure, that a special county judge, agreed upon by the parties or appointed by the Governor upon the disqualification of the regular county judge in either a civil suit or a probate case, is entitled to 1/365 of the annual salary of the county judge for each day that he serves. You further ruled

that such payment was to be made out of the
regular officer's salary fund.

"We ask you the following questions:

"1. Is the regular judge's salary to be
reduced by the amount that is paid to the
special judge?

"2. Would the same hold true if the
regular county judge is not disqualified,
but fails to act by reason of illness, other
inability or by taking a short vacation, and
a special judge is elected by the practicing
lawyers to serve as provided for by Article
1934 of the 1925 Revised Civil Statutes?

"3. In determining the amount of compen-
sation to be paid to the special county judge,
should the additional compensation which the
regular county judge receives as a member of
the juvenile board be included in the calcula-
tion?"

In your letter you refer to our opinions Nos.
0-722 and 0-1234. The first opinion mentioned was written
by Hon. Edgar Cale, Assistant Attorney General, and direct-
ed to Hon. Fred C. Porter, County Attorney, Kaufman, Texas
and holds that a special county judge whether serving in a
general capacity or in a probate capacity, only should be
compensated on the following basis:

The annual salary of the judge of the county cour
divided by three hundred and sixty-five and the quotient
multiplied by the number of days actually served by such
special judge, and that this compensation should be paid
from the Officers' Salary Fund of the county.

Opinion No. 0-1234 was written by Hon. Wm. J.
Fanning, Assistant Attorney General, directed to Hon.
Dwight Whitwell, Assistant County Attorney, Collin County,
and holds directly in accord with opinion No. 0-722.

Hon. John R. Shook, Page 3

Article 1933, Vernon's Civil Statutes, reads as follows:

"Whenever the county judge or the special judge shall be disqualified from trying a case, the parties or their counsel may agree upon an attorney for the trial thereof; and, if they shall fail to agree upon an attorney at or before the time it is called for trial, or if the trial of the case is pending and the county judge should become unable to act, or is absent, and a special judge is selected who is disqualified to proceed with the trial, and the parties then fail to select or agree upon a special judge who is qualified, the county judge or special judge presiding shall certify the fact to the Governor immediately, whereupon the Governor shall appoint a special judge, qualified to try same. Such appointment may be made by telegram or otherwise. The special judge shall proceed to the trial or disposition of such case. Any special judge agreed upon or appointed to try cases shall receive the same pay for his services as is provided by law for county judges."

Articles 554, 555, and 556, Code of Criminal Procedure provide that when the judge of the county court or county court at law is disqualified in any criminal case pending in the court of which he is a judge, that the parties may, by consent, agree upon a special judge to try such case and if the parties fail to agree upon a special judge to try such case on or before the third day of the term at which such case may be called for trial, the judge presiding shall forthwith certify that fact to the Governor who shall appoint some practicing attorney to try the case. These statutes further provide that the attorney agreed upon or appointed shall, before he enters upon his duties as special judge, take the oath of office required by the Constitution and that the clerk of the court shall enter in the minutes, as a part of the proceeding in such cause, a record showing that the judge of the court was disqualified to try the cause, that the special judge (naming him) was by consent of the parties agreed upon and was appointed by the Governor to try the cause, and that the oath of office prescribed by law had been duly administered to such

Hon. John R. Shook, Page 4

special judge.

Article 557, Code of Criminal Procedure, reads as follows:

"A special judge selected or appointed
in accordance with the preceding articles
shall receive the same compensation as provid-
ed by law for regular judges in similar cases."

Bexar County had a population of two hundred
and ninety-two thousand five hundred and thirty-three
(292,533) inhabitants according to the last Federal Census,
and paragraph (d) of Section 19 of Article 3912e, Vernon's
Civil Statutes, specifically designates the amount of sal-
aries to be paid county officials in counties having a
population in excess of One Hundred and Ninety Thousand
inhabitants. Therefore, Bexar County would come within the
provisions of paragraph (d) of Section 19 of Article 3912e,
wherein the salaries of the county officials of such coun-
ties are definitely provided. Section 15 of Article 5142b,
Vernon's Civil Statutes provides additional compensation
for county judges of counties having the population desig-
nated in Article 3912e as members of the county Juvenile
Board in such counties.

Sections 1, 2 and 15 of Article 5142b, Vernon's
Civil Statutes, read as follows:

"Section 1. That the provisions of this
Act shall apply to and affect such counties
only in the State of Texas as have, according
to the last preceding Federal Census, a popula-
tion of not more than three hundred and twenty
thousand (320,000) inhabitants, and not less
than two hundred and twenty thousand (220,000)
inhabitants, according to the last preceding
or any future Federal Census.

"Section 2. The Juvenile Board of such
counties shall be composed of the Judges of the
several District and Criminal District Courts,
thereof, together with the County Judge thereof.

"Section 15. The members composing said
Juvenile Board in such counties, on account

Hon. John R. Shook, Page 5

of the additional duties hereby imposed on
them, are each hereby allowed an additional
compensation of Seventy-five ($75.00) Dollars
per month to be paid by the Commissioners'
Court in such counties, and the same to be
in addition to all other compensation now
allowed by law to such officers."

In the case of Holland vs. Harris County, 102
SW 2nd, 196, a decision of the Commission of Appeals of
the State of Texas, adopted by the Supreme Court, it was
held that a special judge of a criminal district court
of Harris County, acting in the absence of the regular
judge was entitled to compensation on a basis of salary,
payable to the regular district judges of that county,
including salary payable to the regular district judges
as members of the Juvenile Board, notwithstanding the
special judge performs no duties as a member of the Juven-
ile Board, and that the amount allowed regular judges for ser-
vices performed as members of the board, was allowed as part
of their annual salary and not merely as additional compen-
sation.

In view of the foregoing authorities, we answer
your questions as follows:

1. The regular judge's salary is not to be re-
duced by the amount that is paid to the special judge.
The regular judge is entitled to his full compensation
as allowed by law, although it is necessary for a special
judge to act in certain instances.

2. The same answer applies to your second ques-
as it is immaterial whether the judge was disqualified
or failed to act by reason of illness or some other inabili-
ty or by taking a short vacation. It must be assumed that
the regular judge will faithfully perform his duties and
act in all cases except where he is disqualified or is un-
able to act by reason of some legal excuse.

3. In determining the amount of compensation to
be paid to the special county judge, the additional compen-
sation which the regular county judge receives as a member

of the Juvenile Court should be included in the calcula-
tion in arriving at the amount which the special county
judge is entitled to.

Trusting that the foregoing fully answers your
inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:AW

APPROVED DEC 19, 1939

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN